All right, our fifth case for this morning is United States against Luis Garcia 21 2 4 3 4 and We'll start with miss Minkowski, and I think we have miss Greenwald. I can see you on the zoom remotely Let us know if you have any auditory problems Thank you your honors good morning and may it please the court My name is Elizabeth Minkowski and I represent the appellant Luis Garcia in this matter There are two reasons why mr Garcia's convictions for possessing and conspiring to possess with intent to distribute controlled substances cannot stand First mr. Garcia's Sixth Amendment right to a fair and impartial jury trial was violated when two different jurors submitted for improper questions Or comments reflecting premature deliberations improper burden shifting and an inability to follow instructions And second the evidence was insufficient to prove beyond a reasonable doubt that mr Garcia knew the bus parked at Navarro's truck wash, which he was never allowed to board Contained controlled substances as opposed to some other type of contraband turning to the first issue Premature deliberations endanger a defendant's Sixth Amendment right to a fair and impartial jury trial in part because they may cause jurors to apply an incorrect or Unconstitutional standard but the trial judge takes a number of precautions as particularly that one juror that he winds up Dismissing keeps sending back notes and he finally says I'm done with you You know, he tells the jury repeatedly you have to decide this case based only on the evidence don't deliberate ahead of time he he tells him all of these things and we of course have strong norms against going into the jury room and Asking everybody have you been chatting about the trial, you know, we we try to deal with Admonitions from the judge. Why were the judge's actions especially since as far as I know there was no motion for mistrial Why weren't his admonitions enough? The fact that the Admonitions had to take place time and time again in this case with two different jurors I think suggests that they were not enough that this was a case where the ordinary presumption that jurors will follow instructions Didn't apply and even judge Tharp's comments during trial that He had never had a case like this where there had been so many improper comments from not one but two different jurors But he excuses the one juror. She's actually an alternate as I recall Yeah, and he excuses her so that problem gets solved. She's not deliberating with anybody, you know, she's not in the room You have the other juror I grant you and there's the clumsy wording we I you know all of us Not the best, but but there's no motion for mistrial. He tells the jury and Maybe we need to focus on just that one On the juror who is not dismissed. Yeah, the juror was not dismissed I think in this case though our argument on appeal is that it really is a totality of the circumstances analysis and the this court has to look at all of the facts of this case and Well the question from juror barter was the third to be asked in this case It arose in the context of these other questions where the alternate juror even though she she was ultimately dismissed her first questions were particularly problematic because they suggested some type of improper Burden-shifting and in fact the first questions from juror mantis on the first day of testimony Actually also used the word we as well and she asked can we hear Garcia speak before watching videos to know what? He sounds like right. I mean, but let's look at some of these other cases. I mean new trial issues When it's just discussion Inside the jury not outside influences on the jury I mean you get these terrible statements such as the one in the United States against Kimberlin not to mention other cases where we can see that the jurors are talking about this and It winds up being harmless error. I Agree your honor some of the cases that the government cites in its brief do Make the standard appear very harsh on those facts But I think the facts here are distinguishable from like the Kimberlin case for instance That was a case involving that was there were three trials in that case arising from a series of bombings there was a venue issue in that case where This court remarked that almost any juror would have had some familiarity With the defendant so there was a comment in that case that the government notes they ought to hang him now Very different from in this case though because that comment I believe was was the defendant asserting that a juror had made that remark Whereas here we have a record Showing these multiple improper questions. It's it's on the record It's during trial and you have both the government and the district court Acknowledging at various points that these were concerning remarks so it being that this court has to Look at each case on an individual basis. I think I think the circumstances here are Are distinguishable from those others cited by the government? and The the ordinary presumption that this court would apply that the jury will follow instructions or even a corrective action from the judge just doesn't apply here where the district court had to instruct the jury over and over again not to ask questions make substantive commentary on the evidence and I think in this case when you you put together the evidence of premature deliberations where you have two questions using the word we and this initial set of questions suggesting some type of improper burden shifting onto the defendant and The the fact that the presumption that jurors will follow instructions and applicable in this case Though those reasons amply provide a reasonable possibility of prejudice Let me ask you about the sufficiency of the evidence before you get into your rebuttal time There seems to be a circuit split on this issue You know several circuits saying So long as the defendant knew that there was something illegal afoot That's sufficient and the jury can infer from that that the defendant knew there were controlled substances at issue then other circuits requiring Knowledge actual knowledge that it was controlled substances and nothing more nothing less nothing else what How do you read our cases as establishing which side of that dividing line we're on because we haven't said outright they're just hints Your honor. I think the elements of the offenses do require knowledge of a controlled substance where You know the cases in our brief reciting the elements State that for conspiracy and possession The defendant has to have knowledge of a controlled substance But we also have an overarching sense that circumstantial evidence is good enough for a jury to infer that is correct and even in the Third Circuit case that the government sites where the search Third Circuit addressed this issue the acknowledged that there isn't a There can't be an exact formula in building a circumstantial case. Why can't we? Say taking the light as taking the evidence in the light most favorable to the jury's verdict and all that stuff That by the time you have Espin Dola Testifying that Garcia is taking orders from El Tigre Who we've established through other evidence is is not somebody trafficking in illegal cell phones. He's he's a drug trafficker And when we have Navarro Testifying that Garcia Himself says that Espin Dola needed more time because he hadn't been able to remove the drugs There's a reference to drugs in particular and our Navarro says something else about drugs a little bit later I'm not going to say that this is overwhelming evidence, but it's some evidence that what Garcia is doing isn't just generic unlawful activity with that bus it is controlled substances I Goes and the testimony of Navarro and Espin Dola goes to their knowledge of the conspiracy Obviously Espin Dola was very deeply involved in preparing these buses and Navarro had done this before But they say Garcia knew I mean they're co-conspirators Presumably they can testify to that so they link Garcia to knowledge that it's controlled substances Contraband as I said as opposed to any of a number of other types of contraband I can imagine I Don't believe their testimony is conclusive on what mr. Garcia knew and what about the El Tigre? connection You just like as a random friend Well, there is no There is no evidence of a call between mr. Garcia and El Tigre But Espin Dola says that Garcia takes his orders from El Tigre and then you have this set of directions That's actually exactly the same In in the call where the government asserts that these directions are repeated in the same manner to mr. Garcia It's a generic direction to go to a hotel and to leave a car alone, but there's no mention of narcotics There's no coded language, and it's just that if he's working with a known drug dealer. Why can't a jury take some of that as Circumstantial evidence that his illegal business is drugs not other It can be a piece of Circumstantial evidence certainly this association with other drug dealers However, it is not sufficient in this case where we had testimony about an excavating machine being loaded with cash We had testimony about information being tightly controlled him not holding the keys to the bus him never being alone with the drugs Okay, I think you're gonna have to wrap up. I'm sorry Thank you So on the zoom miss Greenwald Good morning your honors. Can you hear me? All right. I just want to make sure before I Um so beginning with the jury issue the record first in the first instance does not support that there were premature deliberations and It's certainly not sufficiently on this record the alternate juror who is dismissed Nothing in her notes really indicates that she discussed anything the notes that they were shared with anybody that she Communicated her thoughts or concerns to anybody the juror with the polo note again It's it's really stretching it to say that the few little the I change the we change to I Her concern that other jurors not not think he was polo That that means that there was premature deliberation and there's certainly not enough here to establish an overwhelming probability Which is required to an overwhelming probability that the jury was unable to follow instructions I have a question about that. Yes This this was four days of evidence Okay. Yes Yes, so the first note comes on day one The court responds and admonishes mantis on day two. She submits her second note on day two The court admonishes the whole jury on day three that doesn't stop the antics Barker or Baker then submits or barter then submits a note on day three the court re-admonishes the jury Mantis submits her third note on day three They get rid of mantis But the trial is over now Now we're on day four Should the timeline here give us some pause that by 75% into the trial day three We still don't have a jury that gets it. Even if it's just two jurors Should that cause us some concern and does that take us out of the mine run of these? jury Deliberation jury misconduct cases that we need to look to for guidance You don't think so your honor certainly it gives everyone pause that in particular the one juror who kept sending the notes Could that juror follow instructions and that was the reason why when that third note came that juror was excused But we don't know what she did in that jury room Between day one and day three. She's gone by the end of day three, but we don't know how she infected that room We don't your honor, but we certainly don't know. She infected it at all it's it's pure speculation to say that she discussed any of this with anyone and Anything You know would have been communicated or shared in any of this. So there isn't anything there You know But even if I guess I would move to your honors that even if there was some deliberation some premature deliberation some premature discussion It certainly does not come near meeting the test as judge Thorpe found of And indeed as judge would Noted there was no motion for retrial mistrial based on this at any point the standard for prejudice Motion to voir dire the jury or in any other way? No, your honor. No and and particularly with with what was coming out from these notes There was no indication that Prejudice here could have been established because the issue is whether jurors could set aside whether they held such an impression or opinion on the evidence on the evidence that would present that that would prevent them from listening to all the evidence in the case and Not only did the juror who was dismissed not suggest that she in any way discussed this with anyone else and it would leave Speculation to conclude that she did the note that came from the juror who remained was to the Bennett Defendant's benefit. It showed that she carefully listened to the evidence and was concerned that no one including herself Misinterpret that this polo this person who had previously been involved in a drug deal with Espin Dola that that was not the defendant You know, I don't know that we can hand wave away that note by saying oh, it's only a benefit to the defense When Another reasonable question that even the government raised after reading that note was maybe there's some premature jury deliberations So I don't I don't think it's a it's a sufficient or satisfying Answer to say we really shouldn't be concerned about that note because it helps the defense Well, the reason I think your honor that it is informative and Did the jury already conclude on the defendant's guilt for example before hearing all the evidence and That note made clear. No, they didn't know she didn't she wanted to make sure she had the correct evidence that everyone on the jury Had the correct evidence if anything that note I believe showed an open mind to the evidence to wanting to Really really understand all the evidence It's not the thing what you're looking for a premature deliberations just if so facto is not a terrible thing In fact as this court has acknowledged on numerous occasions State courts many of them including I believe Illinois don't forbid premature deliberation They just require that the jury be cautioned to not Set their premature do not allow their premature Deliberation to exclude any evidence or not allow for full deliberation as a jury It's not something that courts that the federal courts consider to be pro se prejudicial like they would an external influence on the jury But it is something to give pause to examine absolutely under our case law, but the issue is did this jury When it went to deliberate refused to consider all the evidence in this case and that note in particular I would think Actually lends itself to the view that this jury was open to consider the evidence in this case Wanted to make sure it had the accurate evidence in this case and certainly nothing in it Suggests that they foreclosed that they came to the conclusion This defendant is guilty and we don't care whatever else is coming next because we have decided So under for that reason as well as on our brief and under this court's well-established case law This case comes far far far far way away from Establishing a requisite prejudice. Unless you have any questions on that, I'm going to turn to sufficiency. I have a question about the sufficiency because Yes, I'm very worried at this idea and this is all through the government's brief that if Mr. Garcia knew that there was contraband in the bus that that by itself is enough and that's not how I read the statute because there's all kinds of contraband and most of the things he did are Actions that somebody who realizes that he's engaged in illegal business Would do but what we don't know is if inside those Cellphones or drugs or something else. There's almost nothing in this record that Tells us why Garcia knows that this bus is about drugs as opposed to anything else illegal well, that is if that's how your honor reads the brief that then I Apologize to the court because that is not the government's position The government's position is that the government had the burden of proof of proving that the defendant knew it was drugs And that this evidence supported that so let me make that clear. We do the evidence Absolutely, absolutely your honor first. He knows that this shipment came from Mexico Say that all sorts of things bananas come from Mexico. I mean, you know all kinds of things come from Mexico In Mexico Transported and hidden in hidden compartments that were elaborately concealed Contents that fit into suitcases that could be carried that could carry the substance for delivery You know some examples of things that would eat just as easily fit in those suitcases that are illegal I mean, I'm not saying anybody. I don't believe I don't believe that bananas for example, your honor Watches no, I understand the Apple watches. Well, he knows that it's a very valuable commodity. He knows that because because Otago and it's believed a spindle are gonna pay him $500 What about a short just what about money or firearms also? Well, he he knows it can't be money because they have to sell it in order to pay for the car that he's got they know that In terms of firearms or whatever else I would argue that you know defendant makes an argument that they that Espindola and Navarro know that they're dealing in drugs They know that they're dealing in this huge quantity half a million dollars worth of drugs and they're talking drugs and they're doing drugs But they've put Garcia in the middle of this drug deal in the middle Let him go on to the bus that he's he's providing security and he ten Espindola testified He's not allowed on the bus because it's a trade secret Exactly where those hidden compartments are and how and more importantly how they operate We know for example that the bus drivers who have no idea what's going on They're not allowed anywhere near this offloading enterprise Navarro's not in that inside But you know who's allowed to procure and guard the location Who has the only key so Espindola can't even get into the garage to unload it without the defendant Because it is inconceivable and under this case law It's really inconceivable that every everybody in this has a half a million dollars worth of drugs there And they're willing to put this guy who has no idea what it is That's why I asked Miss Wittowski about a circuit split because you say under this case law But our seventh circuit case laws not nearly as certain as you make it out to be what we have are six other circuits who are on two different sides of the question and your brief points to one set of those circuits and Mr. Garcia's brief points to the other set Well, and here's what I disagree with you on in that point Is what I think that the cape that What the Third Circuit said in its own back opinion is when a jury decides that this is drugs There's no other case law There's no other thing in a conspiracy Where if the jury comes to the conclusion that the subject matter is drugs in all other cases That is viewed in the light most favorable to that determination. We don't hypothesize Well, could it also be consistent with this could it also be consistent with that? Knowledge why does it help you on knowledge because the evidence here was sufficient for a properly informed jury to Conclude that when someone with a half a million dollars worth of drugs at stake is this? Intimately involved in every aspect of it and has a conversation with the defendant that is tape record with Espandola That's tape recorded where he says things like don't worry if the police are on to you because there's nothing in the car If he knows it's been delivered Everybody's talking about this cargo and the jury was well within its common-sense reasonable inference from that evidence viewed in the light most favorable to it to say that when Everybody is talking about this cargo that this person that they put in the middle of it But that at that Hernandez in Mexico who's with El Targo has 60 telephone calls with over that weekend So then you know, you don't you don't even need the two Statements from Navarro that Garcia actually said the word drugs, of course that helps your honor. Absolutely Absolutely that helps but that's not the only thing That's not the only thing it's corroborated by all this evidence all this evidence in this case And again when it's viewed in the light most favorable to government and one other really quick very quick that your time is expired I know but interestingly the defendant never made this argument a trial ever His argument at trial was he was a dupe he has no idea he didn't argue I knew something illegal I didn't know it was drugs his argument a trial Knowledge anyway, thank you very much. Miss Greenwald. Thank you very much. You're on Did you save some time? We ran her time. I think we ran your time out if you would like like 30 seconds or so to Respond, I'll let you do that Very briefly your honor on the sufficiency of the evidence issue the government states that mr Garcia was placed in the middle of a drug deal with very valuable cargo worth millions of dollars But he was never left in control of that cargo It was a spindle who was left alone in the truck wash at night with the cargo and he Espandola who had keys to that cargo specifically and further This is a case where Persons without knowledge were entrusted with very valuable cargo specifically the bus drivers who had no knowledge Okay. Thank you very much Thanks to both counsel. The court will take the case under advisement